MHN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOMASZ WIEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 920 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| CITY OF CHICAGO, CHICAGO ) | |
| POLICE OFFICERS KEANE, #21432; ) | |
| REYES, #20343 and HAJDU, #20484 ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

**Overview**

On December 12, 2009, Plaintiff Tomasz Wiek, filed an Amended Complaint. In his amended complaint, Wiek alleges that Defendants, the City of Chicago and Chicago police officers Keane, Reyes and Hajdu, violated his 4th Amendment rights under the Constitution. Specifically, Wiek alleges that the officers came to his home, conducted a search therein and arrested him, all without a warrant. Then, they held him overnight and exhibited him in a line-up pursuant to a City policy. Wiek asserts that in committing these acts, Defendants violated U.S.C. § 1983, which prohibits the deprivation of federal rights under color of law. He also pursues a state claim of malicious prosecution under Illinois law, claiming that Defendants charged him on the basis of a false identification obtained during the improper lineup, causing him to be held in custody for two years before he finally obtained a not guilty verdict at trial. Defendants now move for dismissal of the suit. For the reasons set forth below, the Court denies Defendants' motion in part and grants it in part.

1

## BACKGROUND

Wiek's amended complaint alleges the following relevant facts, which the Court must accept as true for the purpose of addressing this motion. *Disability Rights Wisc., Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). The incident that forms the basis for Wiek's complaint began in Chicago, Illinois on February 17, 2007, when three members of the Chicago police came to Wiek's home. The officers entered Wiek's home and conducted a warrantless search therein. (Am. Compl. ¶¶ 5-8). The officers subsequently arrested Wiek and transported him to the Chicago police station without a warrant. (*Id.*) The officers held Wiek there overnight in order to place him in a line-up. (*Id.* at ¶ 9). The city's policy authorized the detention. (*Id.* at ¶ 10). During the identification procedure, the victim of a crime mistakenly identified Wiek as the assailant. (*Id.* at ¶¶ 13-15). Consequently, the officers charged Wiek with the crime and he remained in custody from the date of his arrest until he was found not guilty of the charges against him at trial. (*Id.* at ¶ 15).

Wiek originally filed his complaint on February 2, 2010. The Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Defendants cited *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-58, 127 S.Ct. 1955, 1965-66, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), as support for their contention that Wiek did not sufficiently state a claim for which relief could be granted. Wiek's original complaint merely stated that the officers arrested him at his home, without a warrant, and that as a result the officers caused him to be charged with a criminal offense by including false statements in police reports. Noting that Rule 8 of the Federal Rules of Civil Procedure allows for a liberal pleading standard, the Court applied two rules from *Twombly*: first, that the Court need not accept legal conclusions as true on a motion to dismiss; second, a claim must

state a plausible claim for relief in order to survive a motion to dismiss. *Id.* at 1949-50. The Court also recognized that it might be difficult to plead much factual content in a case where the plaintiff alleges that he was arrested for no reason. (Min. Order Nov. 10, 2009).

After applying the principles set forth in *Twombly* and *Iqbal*, the Court found that Wiek's complaint contained little more than "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements." (*Id.*) (citing *Twombly*, 550 U.S. at 555). As a result, the Court dismissed Wiek's complaint without prejudice and allowed him time to file an amended complaint. However, Defendants maintain that Wiek's amended complaint still does not rise to the level of sufficient notice pursuant to Fed. R. Civ. P 8 and as reinforced in *Twombly* and *Iqbal*.

## *DISCUSSION*

Motions to dismiss test the sufficiency, not the merits of a case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, ---, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Moreover, a plaintiff need not plead legal theories. *Vidimos, Inc. v Laser Lab, Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996); *see also Hall v. Nalco*, 534 F.3d 644, 649 n.3 (7th Cir. 2008) (noting that even an incorrect legal theory is not fatal to a plaintiff's claim). Thus, "[w]hile it may impose a heavy burden on the trial court to require it to search a complaint for any claim which may be stated therein, it is a burden that must be undertaken." *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978). In doing so, the Court construes the complaint liberally, treating well-pled allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc.*, 522 F.3d at 799.

Prior to *Twombly*, courts operated under the "no set of facts" standard. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under this standard, if taken literally, a "wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of facts" to support recovery." *Twombly*, 550 U.S. at 561, 127 S.Ct. at 1969. *Twombly* addressed the fact that while *Conley*'s "no set of facts" standard was the rule, "a good many of judges and commentators have balked at taking the literal terms of the *Conley* passage as a pleading standard." *Twombly*, 550 U.S. at 561, 127 S.Ct. at 1968. *Twombly* also recognized that Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant 'fair notice' of what the claim is and the grounds upon which it rests." *Twombly* 550 U.S. at 545, 127 S.Ct. at 1959; *see also*, Fed. Rule Civ. P. 8(a)(2). Accordingly, *Twombly* sets forth a pleading standard that is consistent with the majority's interpretation of *Conley*, while retaining the liberal pleading standard of Rule 8 by outlining two rules that affect the pleading requirement: (1) a plaintiff must provide the grounds of his entitlement to relief with more than labels and conclusions and formulaic recitations of the elements of a cause of action; and (2) courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly* 550 U.S. at 555, 127 S.Ct. at 1965.

This Court recognizes the effect *Twombly* had on the pleading standard and its application in *Iqbal*. 129 S. Ct. at 1951. Following *Twombly*, while a "complaint need not provide detailed factual allegations...it must include enough plausible facts to 'raise a right to relief above a speculative level.'" *Wilson v. City of Chicago*. No. 09 C 2477, 2009 WL 3242300, at *1 (N.D.Ill.). However, the height of the pleading requirement is "relative to circumstances" and certain circumstances, such as the complexity of the case, raise the bar for

4

the pleading requirement. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (...complexity and immunity were the circumstances that "raised the bar" in *Iqbal* and *Twombly*). Finally, the Court reiterates that it may be difficult for a plaintiff to plead much factual content in a case where the plaintiff alleges that he was arrested for no reason.

## I. § 1983 – Deprivation of Rights Claim Against the Officers

In order to state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); 42 U.S.C. § 1983. The Defendants argue that Wieks' amended complaint does not state a cause of action under § 1983 for a 4th Amendment violation. Their contention is that Wiek's amended complaint does not state conduct that is necessarily wrongful or in violation of the Constitution. The Defendants concede that Wiek's amended complaint sets forth the following well-pleaded facts: (i) that the officers entered his home without a warrant, (ii) conducted a search and (iii) placed him under arrest. Nevertheless, the Defendants contend that because Wiek did not allege that the officers entered his home without probable cause, exigent circumstances, or his consent, he failed to state a claim under § 1983.

The Court is persuaded that Wiek's amended complaint rises above speculation and states more than naked assertions or conclusions of law. Unlike in his original complaint, Wiek now alleges that the officers entered his home without a warrant and conducted a search. (Am. Compl. ¶¶ 5-7). He further alleges that the officers then placed him under arrest and transported him to the police station. (*Id.* ¶ 8).

The core of the Fourth Amendment is the fundamental concept that any governmental invasion into one's home or expectation of privacy must be strictly circumscribed. *Payton v. New York*, 445 U.S. 573, 586, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980). As a result, warrantless

searches of one's home are presumptively unconstitutional, absent consent or exigent circumstances. *Groh v. Ramirez*, 540 U.S. 551, 564, 124 S. Ct. 1284, 1294, 157 L. Ed. 2d 1068 (2004). Wiek does not bear the burden of showing a lack of probable cause or exigent circumstances. *Welsh v. Wisconsin*, 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L. Ed. 2d 732 (1984) (finding that "the individual's right to privacy in the home is a fundamental freedom" and holding that the State bore the burden of establishing exigent circumstances justifying a warrantless in-home arrest); *Jacobs v. City of Chicago*, 215 F.3d 758, 770 (7th Cir. 2000) (finding that the defendant officers bore the burden of showing that they had probable cause to search the plaintiff's apartment).

In addition, the circumstances of this case justify a relatively low pleading standard. This case is not as factually complex as *Twombly* or *Iqbal*. As a result, the pleading standard is not as high as what the courts used in those cases. *See Cooney*, 583 F.3d at 971. Additionally, in a case such as this, Wiek may not be aware of any viable reasons that the officers had for their conduct. As such, Wiek may not be able to assert any more facts. Consequently, despite the fact that Wiek has set forth notably sparse allegations even in his amended complaint, the Court denies the Defendants' motion to dismiss Wiek's § 1983 claim against the officers.

## II. *Monell* Claim

Wiek also makes a § 1983 claim against the City of Chicago. In *Monell v. Department of Social Services of the City of New York* the Supreme Court held that a plaintiff can sue a local government under § 1983 when the "execution of a government policy or custom...inflicts the injury." 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). However, the Defendants contend that Wiek's *Monell* claim falls short of a sufficient claim for relief. They make two arguments in support of their contention. First, they argue that Wiek makes

boilerplate allegations that are insufficient to support a claim that the policy he describes actually existed. *See Mumm v. Wetter*, No. 05 C 6149, 2006 WL 163151 at *4 (N.D. Ill 2006). Additionally, the Defendants argue that Wiek fails to allege the necessary nexus between the policy and the supposed violation of his 4th Amendment rights. *See Estate of Sims v. County of Bureau*, 506 F. 3d 509, 515 (7th Cir. (2007).

### a. Boilerplate Allegations

Relying on *Mumm*, 2006 WL 163151 at *4, Defendants argue that Wiek must provide more factual content to support his allegations that the City policy he describes actually existed. In *Mumm*, the plaintiffs merely asserted that the defendants were "under control of...the City." Unlike the plaintiffs in *Mumm*, the Wiek asserts that there was at all times an express municipal policy that allowed the officers to hold him over night. Furthermore, *Monell* claims are not subject to a heightened pleading standard. *Wilson*, 2009 WL 3242300, at *1 (citing *Lanigan v. Village of E. Hazel Crest, Ill.*, 110 F.3d 467, 479 (7th Cir. 1997)). Wiek's burden is simply to allege facts that would give the City notice of his municipal liability claim. In his amended complaint, Wiek alleges that he was held overnight after being arrested in his home without a warrant. He further alleges that the officers held him pursuant to a City policy allowing police officers to "hold an arrestee overnight so that the arrestee could be exhibited in a corporeal identification procedure." (Am. Compl. ¶ 9). There is nothing more Wiek can allege. He is not required to provide extrinsic evidence that a policy existed. Wiek correctly relies on *Willis v. City of Chicago* for the proposition that when officers make an arrest without a warrant, they may not hold the arrestee in custody for the purposes of gathering additional evidence to justify the arrest. 999 F.2d 284, 289 (7th Cir. 1993). Therefore, Wiek's assertions that the officer's

held him overnight in accordance with a municipal policy are sufficient to put the City on notice of his claim.

### b. Necessary Nexus Between the Policy and the Supposed Violation

The Defendants' second argument is based on a misinterpretation of Wiek's argument. Wiek does not contend that the violation occurred when he was charged as a result of the line up. Instead, Wiek alleges that after being transported to the police station, the Defendants held him overnight to gather additional evidence to justify their arrest by placing him in a line-up. As noted above, *Willis* makes this practice illegal. 999 F.2d at 289. Wiek alleges the proper causal nexus because he alleges that the officers held him pursuant to the municipal policy. As such, the Court denies the Defendants' motion to dismiss Wiek's § 1983 claim against the City.

### III. Malicious Prosecution Claim

Wiek's final claim is that the Defendants maliciously prosecuted him after his allegedly unlawful arrest. (Am. Complt. ¶ 16). Wiek alleges that the victim of a crime mistakenly identified him in the line-up and, on the basis of that identification, the officers charged him with a criminal offense.

Defendants contend that Wiek's claim must fail because he alleges facts that negate it. To succeed on a claim for malicious prosecution the plaintiff must show, among other elements, the absence of probable cause. *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996); see also *Mannoia v. Farrow*, 476 F.3d 453, 459 (7th Cir. 2007) (finding the existence of probable cause to be a complete bar to a malicious prosecution claim). The Defendants correctly point out that an identification or a report from a single, credible victim or eyewitness provides probable cause. *See Tangwall v. Stuckey*, 135 F.3d 510, 520 (7th Cir. 1998). This is so even if the witness turns out to be wrong. *Id.*; *see also Woods v. City of Chicago*, 234 F.3d 979, 996 (7th

Cir. 2000). Thus, by Wiek's own admission, the officers had probable cause to charge him with the criminal offense. By admitting probable cause, Wiek pleaded himself out of court with regard to this claim. *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (if a plaintiff pleads facts that show that his suit is without merit, he has pled himself out of court). The Court therefore grants the Defendants' motion to dismiss Wiek's claim for the tort of malicious prosecution.

## *CONCLUSION*

For the above reasons, the Court denies the Defendants' motion to dismiss with regard to Wiek's § 1983 claims against the officer and the City and grants it with regard to Wiek's malicious prosecution claim.

IT IS SO ORDERED.

5/12/10
Dated

Hon. William J. Hibbler
United States District Court